NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2021

FOR THE NINTH CIRCUIT


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRI MINH HUYNH,

No.    20-15211

Plaintiff-Appellant,

D.C. No. 3:18-cv-01631-VC

v.

WAL-MART ASSOCIATES, INC., a
Delaware Corporation; et al.,

MEMORANDUM[*]

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted May 7, 2021[**]

Before:   FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Tri Minh Huynh appeals pro se the district court's grant of summary judgment in his whistleblower retaliation action against Wal-Mart Associates, Inc., and other defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 994 (9th Cir. 2009). We affirm the district court's judgment.

The district court properly granted summary judgment in favor of Wal-Mart on Huynh's claims of retaliation under the Sarbanes-Oxley Act, retaliation under the California Whistleblower Protection Act, and wrongful termination under California law. Wal-Mart amply met its burden of producing evidence that there was a legitimate, nonretaliatory reason for Huynh's termination, or that it would have taken the same adverse action in the absence of any protected activity. *See id*. at 996; *Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1109 (2007). Further, Huynh made no showing of pretext. *See Tides v. The Boeing Co.*, 644 F.3d 809, 816-17 (9th Cir. 2011).

Huynh's motion for reconsideration of the Appellate Commissioner's denial of his motion for summary reversal (Docket Entry No. 13) is denied.

**AFFIRMED.**